**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MELISA DEDOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-918-M |
| | ) | |
| DR. JOHN C. MOWEN, an individual and resident of Oklahoma; | ) ) | |
| J. KEITH MURNIGHAN, an individual and resident of Illinois, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed October 3, 2006. Plaintiff has filed her response, and defendants have filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Defendants John Mowen and J. Keith Murnighan are collegiate professors who collaborated together to write the book *The Art of High-Stakes Decision-Making: Tough Calls in a Speed Driven World* ("Book") published in 2001. Plaintiff Melisa Dedovic is used in the Book as an illustration of someone who had to make a tough call in a speed-driven world. In October, 2005, plaintiff asserts that she first became aware of the Book when her husband brought it to her attention, after he learned of it the same day while he was "surfing" the internet.

On August 29, 2006, plaintiff brought the instant action against defendants alleging the following claims based upon the statements in the Book: (1) defamation, (2) the tort of outrage, and (3) an accounting. Defendants now move this Court to dismiss this action because plaintiff's claims

are time-barred.[1]

II.     Discussion

In diversity actions, federal courts apply the state statutes of limitations and any related state tolling provisions. *Futura Music, Inc. v. Gates Radio Co.*, 399 F.2d 308, 310 (10th Cir. 1968). The limitations period for a libel action is set out in Okla. Stat. tit. 12, § 95, which provides, in pertinent part:

> Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
> *        *        *
> 4. Within one (1) year: An action for libel, slander . . . .

Okla. Stat. tit. 12, § 95(A)(4).

"[A] libel action generally accrues on the date of publication." *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 839 (Okla. 2001). However, the common law discovery rule is applicable in libel actions "when the publication is likely to be concealed from the plaintiff or published in a secretive manner which would make it unlikely to come to the attention of the injured party." *Id.* at 845.

In the case at bar, it is undisputed that the Book was published in 2001 and that if the discovery rule is not applicable in this case, plaintiff's libel claim is time-barred. Plaintiff, however, asserts that the discovery rule is applicable and that because she did not discover the existence of the allegedly defamatory statements until October, 2005, her libel claim is not time-barred.

Having carefully reviewed the Complaint and the parties' submissions, the Court finds that

---

[1]Defendants also move to dismiss because plaintiff has failed to state a claim upon which relief can be granted. In light of this Court's finding that plaintiff's claims are time-barred, the Court will not address this additional basis for defendants' motion.

the discovery rule is not applicable in this case. Specifically, the Court finds that the Book was not likely to be concealed from plaintiff and was not published in a secretive manner which would make it unlikely to come to the attention of plaintiff. In fact, as specifically alleged in the Complaint, the Book "was published and distributed to the general public." Complaint at ¶ 7. Further, as examples of publications to which the discovery rule would apply, the Oklahoma Supreme Court has listed the following: alleged defamatory reports filed with credit agencies, alleged defamatory statements placed in employees' personnel files, and alleged defamatory statements made in confidential business memorandum. *Digital Design*, 24 P.3d at 840. The Court finds that the Book does not fall within any of the above-listed categories and, in fact, is in no way similar to any of the above examples.

Accordingly, because the Court finds that the discovery rule is not applicable in this case, the Court finds that plaintiff's libel claim is time-barred.

The limitations period for the tort of outrage is set out in Okla. Stat. tit. 12, § 95, which provides, in pertinent part:

> Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
> \*         \*         \*
> 3. Within two (2) years: . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated . . . .

Okla. Stat. tit. 12, § 95(A)(3).

As set forth above, the Book was published in 2001, and plaintiff did not file this action until 2006. The Court is aware of no case, and plaintiff has cited none, applying the discovery rule to toll the statute of limitations for the tort of outrage. Further, even assuming the discovery rule would

apply, the Court finds for the reasons set forth above that the discovery rule is inapplicable to this case. Accordingly, the Court finds that plaintiff's claim for the tort of outrage is time-barred.

Finally, because the Court has found that plaintiff's libel claim and claim for the tort of outrage are time-barred, the Court finds that plaintiff has no legal or equitable basis on which she is entitled to an accounting. The Court, therefore, finds that plaintiff's claim for an accounting should be dismissed.

III.    Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss [docket no. 5] and DISMISSES this action.

**IT IS SO ORDERED this 29th day of May, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE